In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 12 A 11 34

CLERK
SO. DIST. OF GA

MARGARETTE E. DEYER f/k/a : CIVIL ACTION
MARGARETTE E. YOUNG,
:
    Plaintiff,
:
    v.
:
TONY A. BOWDEN, SOLID HAUL
TRUCKING, and CHET CHESTER, :

    Defendants. : NO. CV204-148


### O R D E R

    Plaintiff, Margarette E. Deyer, f/k/a Margarette E. Young, filed the above-styled diversity action against Defendants, Tony A. Bowden, Solid Haul Trucking, and Chet Chester, seeking to recover for alleged injuries sustained in an automobile collision. Currently before the Court is the motion to dismiss of the uninsured motorist carrier, Progressive Max Insurance Company's (Progressive Insurance") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 4(m). For the following

reasons, Progressive Insurance's motion will be **GRANTED IN PART and DENIED IN PART**.

**BACKGROUND**

Plaintiff originally filed this action in the State Court of Emanuel County, Georgia, seeking damages for injuries sustained in a December 1, 1998, collision. After voluntarily dismissing the state action on April 4, 2004, Plaintiff refiled the action in this Court on October 22, 2004.[1] Plaintiff did not, however, cause the Clerk of Court to issue summonses for Defendants until March 11, 2005.

On April 18, 2005, Progressive Insurance, as the uninsured motorist carrier, filed a motion to dismiss for failure to perfect service pursuant to Federal Rule of Civil Procedure 4(m). On April 20, 2005, it appearing that service had not been perfected as to the named Defendants, the Court directed Plaintiff to show cause why the case should not be dismissed.[2]

On May 23, 2005, Plaintiff filed a motion seeking leave to file an out of time response to Progressive Insurance's Motion

---

[1] Plaintiff filed the instant action within six months of voluntary dismissal of the state action pursuant to O.C.G.A. § 9-2-61.

[2] The Court was without knowledge of Progressive Insurance's motion to dismiss at that time.

2

to Dismiss and response to the Court's April 20, 2005, Show Cause Order. Plaintiff asserted that Defendants, Chet Chester and Solid Haul Trucking, were served on March 17, 2005, Defendant, Tony A. Bowden, on March 18, 2005, and Progressive Insurance on March 29, 2005. Plaintiff further alleged that she did not have knowledge of the Court's April 20, 2005, Show Cause Order until May 20, 2005. Plaintiff indicated that the returns of service on Defendants and Progressive Insurance were filed with the Court on that date. The return of service on Defendant, Bowden, however, was not filed with the Court.

By Order dated May 27, 2005, the Court granted Plaintiff's motion for leave to file an out of time response. Plaintiff was directed to file all of the returns of service within ten days of the date of said Order. Plaintiff was also granted permission to file a copy of the return of service on Bowden in lieu of the original.

On June 10, 2005, Plaintiff filed an affidavit purportedly demonstrating that Bowden was served with process on March 18, 2005. While the affidavit showed that service date, it also indicated that Defendant, Bowden, could not be located. Plaintiff's counsel advised the Court on the same date that an affidavit executed by the process server showing that process

3

was served on Bowden on March 18, 2005, would be promptly filed with the Court. To date, no affidavit has been filed.

**DISCUSSION**

Progressive Insurance argues that, absent good cause, Defendants are entitled to dismissal without prejudice because Plaintiff failed to serve Defendants with process during the 120 day time period prescribed by Federal Rule of Civil Procedure 4(m).[3]

Rule 4(m) represents a significant change from its predecessor, Federal Rule of Civil Procedure 4(j). Specifically, Rule 4(m) allows the court discretion to extend the time for service of process beyond the 120 day time period even when the plaintiff cannot show good cause. See Fed. R. Civ. P. 4(m) advisory committee's note

> (The new subdivision explicitly provides that the court shall allow additional time if there is good

---

[3] Federal Rule of Civil Procedure 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

Fed. R. Civ. P. 4(m).

4

cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.);

Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) ("[W]e join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."); Lau v. Klinger, 46 F. Supp.2d 1377, 1380 (S.D. Ga. 1999) ("Rule 4(m) affords two safety hatches to escape dismissal: a showing of good cause, or by convincing the court to use its discretion to extend time even when good cause is absent.").

By Order dated May 27, 2005, the Court, exercising its discretion, extended Plaintiff's deadline for serving Defendants and filing the returns of service to June 6, 2005. On May 23, 2005, Plaintiff filed with the Court returns of service for Defendants Solid Haul Trucking and Chet Chester, and Progressive Insurance. Thus, the Court deems service of process as to these parties to be timely.

Plaintiff, however, has failed to provide evidence indicating that Defendant, Bowden, has been properly served with process. On May 23, 2005, Plaintiff requested the Court

5

to permit her to file a copy of the return of service on Defendant, Bowden, in lieu of the original because the original had been misplaced or lost. The Court granted Plaintiff's request in its May 27, 2005, Order and extended the deadline for filing the return of service to June 6, 2005.

On June 10, 2005, Plaintiff filed an affidavit purportedly demonstrating that Bowden was properly served with process on March 18, 2005, however, it further indicated that Bowden could not be located. Plaintiff advised the Court on the same date that an affidavit executed by the process server indicating that process was served on Bowden on March 18, 2005, would be promptly filed with the Court. No affidavit has been filed to date.

The Court has provided Plaintiff with ample opportunity to provide evidence demonstrating that service of process has been perfected on this Defendant. Plaintiff, however, has failed to do so. Therefore, the Court concludes that lesser sanctions would be inadequate and will grant Progressive Insurance's motion to dismiss Defendant, Bowden.

AO 72A
(Rev. 8/82)

**CONCLUSION**

After careful consideration of all the arguments and evidence, the Court concludes that Defendant's Motion to Dismiss (Doc. No. 6) is hereby **GRANTED IN PART and DENIED IN PART**.

Progressive Insurance's motion seeking to dismiss Tony A. Bowden as a defendant in this action is **GRANTED**. Progressive Insurance's motion seeking to dismiss Solid Haul Trucking and Chet Chester as Defendants in this action is **DENIED**. The Clerk of Court is directed to enter judgment of dismissal without prejudice as to Bowden.

**SO ORDERED**, this 12th day of July, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)